**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-1093-DME-CBS

WAYNE MIDDEKER, D.C.,

    Plaintiff,

v.

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK (a/k/a MONY LIFE INSURANCE COMPANY), and;

DISABILITY MANAGEMENT SERVICES, INC.

    Defendants.

## STIPULATED PROTECTIVE ORDER

    Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined. Accordingly:

**IT IS ORDERED:**

    1.    In this action, Plaintiff Wayne Middeker, D.C. has sought the production of Confidential Information (as defined in paragraph 2 below). Defendants The Mutual Life Insurance Company of New York (a/k/a MONY Life Insurance Company) ("MONY Life") and Disability Management Services, Inc. ("DMS") assert that the disclosure of such information outside the scope of this litigation could result in significant injury to MONY Life's and/or DMS's business or privacy interests. The parties have entered into this Stipulation and request the Court enter the attached Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential proprietary information.

The burden of proving that a confidential document contains Confidential Information is on MONY Life and/or DMS.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

> By imprinting the words "Proprietary & Confidential" on every page of any document produced that the producing party considers to contain Confidential Information. The imprinting of the words "Proprietary & Confidential" shall not cover any text or other content of the document.

4. All Confidential Information provided by a Party in response to a discovery request shall be subject to the following restrictions:

> a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;
>
> b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Qualified persons authorized to review and to receive Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency in any way contrary to this agreement unless authorized to do so by court order.

6. Confidential documents shall be disclosed only to "qualified persons." Qualified persons are limited to: (a) counsel of record for the parties and the parties; (b) non-technical and clerical staff employed by the counsel of record and involved in the preparation and trial of this

action; (c) experts and consultants retained by the parties for the preparation or trial of this case; and (d) the court, the court's staff, witnesses, deponents, and the jury in this case.

      7.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

      8.      During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

      9.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

      10.      During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made of Confidential Information pursuant to paragraph 8 above.

      11.      If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, DMS and MONY Life will timely apply to the court to set a hearing for the purpose of establishing that such document is confidential.  Any document so

marked as "Proprietary & Confidential" will continue to be treated as such pending determination by the court as to its confidential status. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made from

Confidential Information. Each Party's counsel shall not be required to provide any privileged documents or confidential work product to the producing party, and, instead, will destroy any such privileged or work product documents. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product or privileged documents referencing Confidential Information has been destroyed. Notwithstanding the requirements of this paragraph, the Party's counsel may retain any court filings, depositions, or exhibits to court filings or depositions containing Confidential Information for up to ten years subject to the restrictions on disclosure set forth in this Protective Order.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, on October 10, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

| | |
|---|---|
| Plaintiff Wayne Middeker, D.C. | _s/Shawn E. McDermott_<br>Shawn E. McDermott<br>Heather L. Petitmermet<br>LAW OFFICE OF SHAWN E. MCDERMOTT, LLC<br>2300 15th Street, Suite 200<br>Denver, CO  80202<br>Telephone:  (303) 964-1800<br>Facsimile:  (303) 964-1900<br>E-mail:  shawn@mcdermottlaw.net<br>            heather@mcdermottlaw.net |
| Defendants The Mutual Life Insurance Company of New York and Disability Management Services, Inc. | _s/Michael S. Beaver_<br>Michael S. Beaver<br>Robert M. Thomas<br>HOLLAND & HART LLP<br>6380 S. Fiddlers Green Circle, Suite 500<br>Greenwood Village, CO 80111<br>Telephone:  (303) 290-1600<br>Facsimile:  (303) 290-1606<br>E-mail:  mbeaver@hollandhart.com<br>            rmthomas@hollandhart.com |

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO    )
                     ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in *Middeker v. The Mutual Life Insurance Company of New York, et al.*, Civil Action No. 12-cv-1093-DME, a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

                                              _____
                                              (Signature)

                                              _____
                                              (Print or Type Name)

                                              Address:

                                              _____

                                              _____

                                              Telephone No.: (____)_____